FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 DEC 13  AM 11:52

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JONATHAN RAMIREZ-PEREZ,

    Plaintiff,

vs.

CASE NO.: 6:16-CV-2133-ORL-28-TBS

AMICI'S FAMILY RESTAURANT, INC.,
d/b/a AMICI'S ITALIAN RESTAURANT
& PIZZERIA, a Florida Corporation,

    Defendant.
_____/

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JONATHAN RAMIREZ-PEREZ, by and through the undersigned attorney, sues the Defendant, AMICI'S FAMILY RESTAURANT, INC., D/B/A AMICI'S ITALIAN RESTAURANT & PIZZERIA, a Florida Corporation, and alleges:

1. Plaintiff, JONATHAN RAMIREZ-PEREZ, was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

General Allegations

2. Plaintiff was an hourly paid employee who worked at Defendant's property within the last three years for Defendant in Brevard County, Florida.

3. Plaintiff, JONATHAN RAMIREZ-PEREZ, worked for Defendant from approximately October 2014 through May 2016.

4. Plaintiff, JONATHAN RAMIREZ-PEREZ, was employed by Defendant

1

as a line cook.

5. Plaintiff, JONATHAN RAMIREZ-PEREZ, was paid an hourly rate of $10/hour when first hired and eventually made $12/hour after receiving raises.

6. Defendant, AMICI'S FAMILY RESTAURANT, INC., D/B/A AMICI'S ITALIAN RESTAURANT & PIZZERIA, is a Florida Corporation that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, AMICI'S FAMILY RESTAURANT, INC., D/B/A AMICI'S ITALIAN RESTAURANT & PIZZERIA, is an Italian restaurant serving the Suntree and Viera area. Defendant has a full liquor bar as well a bakery. Additionally, Defendant provides catering options to its customers. *SEE* www.Amicis-Suntree.com

8. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

10. During Plaintiff's employment with Defendant, Defendant, AMICI'S FAMILY RESTAURANT, INC., D/B/A AMICI'S ITALIAN RESTAURANT & PIZZERIA, earned more than $500,000 per year in gross sales.

11. Defendant, AMICI'S FAMILY RESTAURANT, INC., D/B/A AMICI'S ITALIAN RESTAURANT & PIZZERIA, employed approximately 35 employees and paid these employees plus earned a profit from their business.

12. During Plaintiff's employment, Defendant, AMICI'S FAMILY RESTAURANT, INC. D/B/A AMICI'S ITALIAN RESTAURANT & PIZZERIA, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as pizza dough, pizza sauces, pasta, meats, liquor, beer, wine, restaurant equipment, dining furniture, cash registers and other items used to run the business.

13. Therefore, at all material times relevant to this action, Defendant, AMICI'S FAMILY RESTAURANT, INC. D/B/A AMICI'S ITALIAN RESTAURANT & PIZZERIA, was/is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

14. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

15. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

16. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime as described above.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

19. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

20. During his employment with Defendant, Plaintiff routinely worked overtime hours but was not paid time and one-half compensation for same.

21. Specifically, Defendant failed to compensate Plaintiff the overtime premium for each overtime hour worked during his employment.

22. Plaintiff received his regular rate for all hours worked regardless of how many overtime hours were worked.

23. For example, during the pay period 10/19/2015 through 10/25/2015, Plaintiff worked 54.78 hours and was paid his regular rate ($12.00) for each hour. *SEE EXHIBIT "A"*

24. Plaintiff is entitled to the halftime premium for each hour of overtime worked.

25. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

26. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

27. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

28. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JONATHAN RAMIREZ-PEREZ demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

_/s/ Matthew R. Gunter_

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 867-0946
Email:  mgunter@forthepeople.com
Attorney for Plaintiff