UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN RAMIREZ-PEREZ,

    Plaintiff,

v.                                      Case No: 6:16-cv-2133-Orl-28TBS

AMICI'S FAMILY RESTAURANT, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion for Approval of Settlement (Doc. 13) and Amended Joint Motion for Approval of Settlement. (Doc 16). Upon due consideration, I respectfully recommend that the initial motion be **DENIED as moot** and the amended motion be **GRANTED**.

### I. Background

Plaintiff Jonathan Ramirez-Perez brought this action for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA") (Doc. 1). According to his complaint, Plaintiff worked at Defendant's establishment as a line cook and did not receive the overtime premium for overtime hours worked. Defendant answered (Doc. 8) and denied the allegations that Plaintiff was not paid properly. Approximately two weeks after the filing of the answer, the parties filed their initial motion for settlement (Doc. 13), which was referred to me for review. Finding certain deficiencies in the initial settlement agreement, a hearing was held on the motion (Doc. 15) to address my concerns. The parties have since amended their settlement agreement (Doc. 16-1) and seek approval of the amended agreement (Doc. 16).

Under the terms of the settlement, Plaintiff has agreed to accept $4,500.00 in damages for unpaid overtime, $4,032.75 as payment of attorneys' fees and $467.25 as payment of costs, with the fees and costs to be paid directly to Plaintiff's attorney. The parties represent that the fees were negotiated separately and without regard to the amount for unpaid overtime, consistent with Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## II. Discussion

The parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights

> brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

Upon review, I find this to be a fair and reasonable compromise of a bona fide FLSA dispute. Although the litigation did not proceed to the point where Plaintiff answered sworn interrogatories detailing the amount of his claim, according to the settlement agreement: "Plaintiff also represents and certifies that he has received full payment for all hours worked while employed by Defendant, including minimum wage, overtime hours, bonuses, and vacation pay." (Doc. 16-1, p. 3, ¶2). While Plaintiff will be receiving full payment of all unpaid overtime compensation, at hearing, the parties made an acceptable showing that the facts of this case do not support a finding of liquidated damages. Moreover, attorneys' fees and costs were negotiated separately and are not so excessive as to be considered unreasonable. Finally, as amended, the agreement does not contain overbroad releases or other provisions which would render it objectionable in this context. In view of the foregoing, and in light of the fundamental dispute regarding liability and the active involvement of experienced counsel, the agreement is due to be approved.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The motion be **GRANTED**, and the agreement be approved as a fair and reasonable compromise of a bona fide FLSA dispute;

2. The action be dismissed with prejudice; and

3. The Court close the file.

## IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 17, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record